IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL ACHILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-147-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 26th day of April, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining her residual functional capacity ("RFC"). (Doc No. 10). Specifically, Plaintiff contends that the ALJ failed to incorporate her mild limitations regarding her ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage herself (collectively the "Paragraph B Criteria"). (*Id.* at 7-10). Plaintiff further argues that the ALJ erred in failing to account for Plaintiff's hand problems in the RFC despite finding that Plaintiff's osteoarthritis was a severe impairment at Step Two. (*Id.* at 10-16). For the following reasons, the Court disagrees and affirms the ALJ's finding of non-disability.

This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. *See Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). This Court may not reweigh the evidence nor substitute its own findings for the ALJ's findings even when there is evidence in the record to support a "contrary conclusion." *Malloy v. Comm'r*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

The ALJ uses a five-step evaluation process to determine disability. *See* 20 C.F.R. § 404.1520(a). At Step One, the ALJ "consider[s] [the claimant's] work activity" to ensure he or she is not doing "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). At Step Two, the ALJ "consider[s] the medical severity of [the claimant's] impairment(s)," and for the inquiry to continue, the ALJ must find that the claimant has at least one "severe medically determinable physical or mental impairment . . . or a combination of impairments[,]" that has lasted or is "expected to last for a continuous period of at least 12 months." *Id.* § 404.1509; 404.1520(a)(4)(ii). A claimant's satisfaction of his or her burden of proof at Step Two leads to Step Three where the ALJ asks whether the claimant's impairments meet or equal the criteria for one of the presumptively disabling impairments listed in the regulations. *See Id.* § 404.1520(a)(4)(iii). If the claimant does not satisfy Step Three, the inquiry continues to Steps Four and Five, which requires an assessment of the claimant's RFC and a determination as to whether claimant can return to past relevant work or perform other substantial work. *See id.* § 404.1520(a)(4)(iv)-(v).

The Court rejects Plaintiff's first argument that the ALJ erred by failing to include non-exertional limitations in her RFC accommodating her mild limitations in the Paragraph B Criteria. (Doc. No. 10 at 7-10). In this case, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR. 404.1567(a) except she can only occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to temperature extremes, wetness, humidity, respiratory irritants, and hazards (e.g. open dangerous machinery and unprotected heights).

(R. 17).   Plaintiff argues the ALJ incorporated only physical limitations in this RFC and did not account for her mild limitations in the Paragraph B Criteria.   The Court disagrees.

The Court first notes that the United States Court of Appeals for the Third Circuit has made clear that the ALJ's finding of a mild limitation in a claimant's Paragraph B Criteria demands no specific formulation of the RFC.   See *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three.").   The Court requires only that the ALJ have a "valid explanation" for the limitations included in the RFC.   *Id.* at 211.

In this case, the ALJ offered a valid explanation for the RFC determination.   In determining Plaintiff's RFC, the ALJ noted that Plaintiff's mental health issues were "addressed above in Finding 2[,]" referring to the analysis at Step Two.   (R. 18).   At Step Two, the ALJ explained when assessing Plaintiff's severe impairments that Plaintiff had "no more than 'mild' limitation" in the Paragraph B Criteria because Plaintiff's record contained scant evidence of mental health treatment during the relevant time period, notes from the few mental health treatment sessions did not suggest more than minimal limits in Plaintiff's ability to work, and Plaintiff's mental status examinations were typically negative for any significant psychiatric symptoms or mental status abnormalities.   (R. 16; *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole")).   Additionally, Plaintiff herself admitted that the limitations in her day-to-day life were more due to physical impairments than to mental health issues.   (R. 16; (citing Ex. 5E)).   Further, Douglas Schiller, Ph.D., assessed mild limitations in the Paragraph B Criteria, and the ALJ found this opinion to be persuasive because it was consistent with Plaintiff's treatment records and objective findings.   (R. 16 (citing Ex. 3A)).   Indeed, the ALJ expressly noted that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."   (R. 16).   Accordingly, the Court finds the ALJ's RFC finding is supported by substantial evidence.

Plaintiff's argument that *Hrnjic v. Berryhill*, No. 1:16-302, 2018 U.S. Dist. LEXIS 11607, at *12-14 (W.D. Pa. Jan. 24, 2018) demands a remand of her case is unconvincing. *Hrnjic* involved an ALJ's decision where the RFC determination was silent as to limitations caused by Plaintiff's non-severe mental impairments, whereas the ALJ here specifically

analyzed Plaintiff's mental health and its impact on her ability to work, stating, "[Plaintiff's m]ental health treatment has also been limited and conservative, with a focus on improving communication in her family, and mental status examinations have typically been entirely normal, with no indication that a mental impairment more than minimally limits her ability to work."   (R. 23).   Moreover, as noted above, the ALJ specifically explained that the RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."   (R. 16).   This sufficiently addressed Plaintiff's non-exertional mental limitations.   The ALJ's RFC determination makes sense considering this analysis and the fact that the RFC determination is the most a claimant can do despite his or her limitations.   *See* 20 C.F.R. § 404.1545(a)(1).   For these reasons, the ALJ provided a sufficient explanation and incorporated limitations into the RFC to account for all of Plaintiff's "credibly established" limitations.   *See Rutherford*, 399 F.3d at 554 n.8.

The Court also rejects Plaintiff's next argument that the ALJ committed reversible error by failing to account for Plaintiff's bilateral hand problems in the RFC, especially after concluding that Plaintiff's osteoarthritis was a severe impairment at Step Two. (Doc. No. 10 at 10-16).   Plaintiff contends that her RFC should have contained handling, fingering, and feeling limitations to account for her hand problems and that these limitations would have precluded her from performing past relevant work as a 411 operator.   (*Id.* at 10-11).   Plaintiff states that these limitations were supported by her multiple diagnostic x-rays throughout the years that showed her bilateral polyarticular arthritis, her surgery for right-hand numbness, and reports of bilateral thumb pain.   (*Id.*). Plaintiff further argues that the ALJ used "minimizing prefixes and lead-ins" in the analysis of Plaintiff's medical record.   (*Id.* at 12 (citing R. 19)).   All told, Plaintiff posits that her RFC limitation to sedentary work does not account for her severe osteoarthritis.   (*Id.* at 14-16).

The Court disagrees with Plaintiff for the following reasons.   First, Plaintiff's argument is based on a flawed premise – it assumes that each severe impairment at Step Two must correlate with a specific restriction(s) in the RFC.   This is not the case.   When a claimant has multiple severe impairments, the restrictions created by these impairments are considered in combination.   *See* 20 C.F.R. § 404.1523.   Second, the ALJ sufficiently addressed Plaintiff's hand problems in determining the RFC.   Specifically, the ALJ rejected Plaintiff's testimony regarding pain in her hands and difficulty opening and closing her hands on "bad days" because her statements were not entirely consistent with the evidence of record.   (R. 18-19).   The medical record showed that Plaintiff experienced osteoarthritis in her foot and conservative measures were recommended to address this.   (R. 20).   Additionally, the ALJ acknowledged Plaintiff's subsequent x-rays showing arthritis in her hands and mentioned that Plaintiff nonetheless denied any hand pain during her consultative examination with Mary Donikowski, N.P., and that the examination revealed that Plaintiff's joints were stable and non-tender.   (R. 21-22).   Ms. Donikowski's evaluation of Plaintiff's x-rays also revealed that Plaintiff had "mild"

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record

---

osteoarthritis at the base of her bilateral thumbs. (R. 22 (citing Ex. 5F/4, 17)). Further, no state medical consultants or consultative examiners opined that Plaintiff required manipulative limitations. (R. 23-24) (citing Exs. 1A, 3A, 5F)). The ALJ also analyzed the records of Dr. Mary Bertha Russo-Colt, D.O., who addressed Plaintiff's foot pain. (R. 20). This analysis shows that the ALJ sufficiently considered all of the evidence in determining Plaintiff's RFC.

The Court further rejects Plaintiff's arguments that the RFC did not account for Dr. Russo-Colt's recommendation that she avoid "overuse using phone/games/etc." and that Plaintiff's x-ray showed Plaintiff suffers osteoarthritis in seven joints between her two hands. (Doc. No. 10 at 10-12 (citing R. 1108, 1430)). First, this recommendation provided the ALJ with little value in assessing Plaintiff's RFC as the recommendation does not appear to have constituted a work-related limitation, and, in any event, referred only to an undefined level of "overuse." *See* SSR 96-8P, at *4 (explaining that the RFC "must be expressed in terms of work- related functions"). Second, as noted above, the ALJ analyzed the records of Dr. Russo-Colt, and while the specific recommendation that Plaintiff avoid "overuse using phone/games/etc" was not mentioned in the ALJ's decision, this is not cause for remand as the ALJ "need not mention every piece of evidence in the record[.]" *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009) (citation omitted). The ALJ analyzed many of Plaintiff's x-rays, including the x-ray Plaintiff points to in support of her argument. (R. 19 (citing Ex. 9F/58)). The ALJ specifically stated that x-rays of Plaintiff's hands showed mild or moderate osteoarthritis in a few of her hand joints, which aligns with the impression reported from the x-ray Plaintiff relies upon. (Ex. 9F/58 (stating Plaintiff's x-ray of her left hand showed "[m]ild first CMC joint osteoarthritis[,] [m]ild second and third MCP joint osteoarthritis[,] [m]oderate osteoarthritis at the index and middle finger DIP joints[]" and in her right hand "[m]ild first CMC joint osteoarthritis[,] [m]oderate second and mild third DIP joint osteoarthritis."). All of this constitutes substantial evidence in support of the ALJ's findings.

For all these reasons, the Court affirms the decision of the ALJ.